```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
TATIANA DINS,                                                 :
                                                              :
                            Plaintiff,                        :
                                                              :
            -v-                                               :
                                                              :
BANK OF AMERICA, N.A.; WILMINGTON                             :
TRUST COMPANY, as trustee for CWHEQ                           :
Revolving Home Equity Trust, Series 2006A;                    :
DOES 1 THROUGH 100, inclusive,                                :
                                                              :
                            Defendants.                       :
                                                              X
-----------------------------------------------------------------
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 13, 2017

16-cv-5741 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

Tatiana Dins, *pro se*, has brought this lawsuit against Bank of America, N.A. ("BANA"), Wilmington Trust Company ("Wilmington") as trustee for CWHEQ Revolving Home Equity Trust, Series 2006A ("CWHEQ Trust" or the "Trust"), and Does 1 through 100, contesting defendants' alleged claims to her property. Defendants have moved to dismiss the complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3) or for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). They also have asked the Court to strike Dins's untimely amended complaint. Given Dins's *pro se* status, the Court will consider the late filing. Even under the amended pleading, however, Dins has failed to state a claim and defendants' motion to dismiss is GRANTED.

I.  BACKGROUND

Dins brought this lawsuit on July 19, 2016. (Verified Compl., ECF No. 1.) On September 13, 2016, defendants filed a motion to dismiss. (Mot. Dismiss, ECF

1

No. 12.) On September 20, 2016, Dins moved for leave to amend her complaint. (ECF No. 15.) The Court granted plaintiff's request, and ordered Dins to file an amended complaint by October 1, 2016. (ECF No. 16.) Six weeks after the deadline, on November 14, 2016, Dins filed her amended complaint ("AC") against Wilmington, BANA, and unnamed individuals who or corporations that "aided and abetted in the civil conspiracy to deny Plaintiffs' due process." (AC ¶ 8, ECF No. 17.) The AC's factual allegations are, almost to a word, the same as those in the original complaint, but its causes of action are different. The AC includes two federal causes of action—for violations of the Truth in Lending Act ("TILA") and Regulation X of the Real Estate Settlement Procedures Act ("RESPA")—in addition to several state law claims. Defendants opposed plaintiff's untimely amended pleading and requested that the Court decline to consider it. (ECF No. 18.) The Court informed the parties that it would consider the AC solely as a proposed amendment, and that it deemed defendants' motion to dismiss the original complaint as sufficiently responsive to the AC's allegations. (ECF No. 19.) This case was transferred to the undersigned from the Honorable Analisa Torres on November 22, 2016. On November 23, 2016, the Court issued an order noting that plaintiff has provided several addresses in her filings, and directing Dins to inform the Court of her current address. (Order, ECF No. 21.) Plaintiff has not responded to the order.

Mindful that "a court is ordinarily obligated to afford a special solicitude to *pro se* litigants," *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), the Court

will accept plaintiff's untimely AC.  Accordingly, the following facts are taken from the AC.  The Court also will consider the exhibits attached to defendants' motion to dismiss, as they are referenced in and integral to the AC.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

On January 20, 2006, Dins entered into a Home Equity Credit Line Agreement (the "Note") with Countrywide Home Loans, Inc. ("Countrywide"), a non-party.  (Saydah Affirm. Ex. A ("Note"), ECF No. 14.)  The Note was secured by a Deed of Trust ("Deed") on Dins's property at 2709 Jackson Street, San Francisco, California, which also was dated January 20, 2006.  (Saydah Affirm. Ex. B ("Deed"), ECF No. 14.)  The Deed was recorded on January 31, 2006 in San Francisco.  (*Id.*; *see also* AC ¶ 49(b).)  Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary under the Deed and Countrywide's nominee.  (Deed at 1, 2.)  The Deed provides that MERS could exercise any of the rights under it, including foreclosure and sale.  (*Id.* at 2.)  On February 8, 2013, MERS, as nominee for Countrywide, assigned the Deed to BANA.  (Saydah Affirm. Ex. C ("Assignment"), ECF No. 14.)  The Assignment was recorded on April 17, 2013 in San Francisco. (*Id.*)

Dins alleges that her Note ended up in the securitized CWHEQ Trust,[1] which was created pursuant to a Pooling and Servicing Agreement ("PSA"), after its closing date of February 27, 2006.  (AC ¶ 45.)[2]  Dins provides no information on

---

[1] Dins refers to the Trust as both the CWHEQ Trust and the CWHEP Trust.  For consistency, the Court will refer to it as the CWHEQ Trust.
[2] Confusingly, at one point Dins alleges that "[t]he promissory note in this case became trust property in compliance with the requirement set forth in the PSA," (*id.* ¶ 49(b)), yet elsewhere, she

3

when the Note or Deed was transferred to the Trust and by whom. Neither is Wilmington's alleged role in any scheme clear: Dins alleges that Wilmington is the successor in interest to Countrywide, that it is responsible for BANA's actions, and that it is the trustee of the CWHEQ Trust. (*Id.* ¶¶ 6, 48.)

Dins makes several allegations of impropriety by defendants and other non-parties. The gravamen of these allegations appears to be that: (1) the assignment of her loan to the Trust was void and contrary to the PSA because it occurred after the Trust's closing date, (*id.* ¶¶ 45, 54, 57); and (2) because only Countrywide had "standing to assign the mortgage deed," any later assignments are void, (*id.* ¶ 45). Accordingly, Dins alleges that defendants have no claim to her property. (*Id.* ¶¶ 52, 58.) Dins also claims that Countrywide "table funded" her loan. (*Id.* ¶¶ 59-61.)

The clear import of the VAC is that defendants have attempted or are attempting to foreclose on the property. Other than an undecipherable claim that "the current foreclosure process is the second lien holder of [BANA] Mortgage which is foreclosing in Nov., 2016 which affects the first mortgage," (*id.* ¶ 66), and conclusory allegations that the property "is currently in the non-judicial foreclosure process" (*id.* ¶ 69; *see also id.* ¶¶ 65, 71, 85(a), 105, 110), Dins has not alleged any specifics about the foreclosure. Dins also contends that defendants illegally failed to review her August 2016 loan modification application. (*Id.* ¶¶ 92, 104, 109.)

---

contends that, "even if the Note and Mortgage had been transferred into the Trust by the closing date, the transaction is still invalid and/or void as the Note would not have been transferred according to the requirements of the PSA," (*id.* ¶ 55).

II.  LEGAL STANDARDS

    A.  <u>Federal Rule of Civil Procedure 12(b)(6)</u>[3]

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must provide grounds upon which his claim rests through "factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In applying this standard, the Court accepts as true all well-pled factual allegations, but does not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.*  The Court will give "no effect to legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555).  A plaintiff may plead facts alleged upon information and belief "where the facts are peculiarly within the possession and control of the defendant." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010).  But, if the Court can infer

---

[3] Because the Court dismisses the AC for failure to state a claim under Rule 12(b)(6), it need not address defendants' arguments under Rule 12(b)(3).

no more than the mere possibility of misconduct from the factual averments—in other words, if the well-pled allegations of the complaint have not "nudged [plaintiff's] claims across the line from conceivable to plausible"—dismissal is appropriate. *Twombly*, 550 U.S. at 570; *Starr*, 592 F.3d at 321 (quoting *Iqbal*, 556 U.S. at 679).

In deciding a motion to dismiss under Rule 12(b)(6), the Court may supplement the allegations in the complaint with facts from documents either referenced in the complaint or relied upon in framing the complaint. *See DiFolco*, 622 F.3d at 111 ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("[W]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint[,] the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991))). The Court has done so here with the Note, Deed, and Assignment attached to defendants' motion.

III.  DISCUSSION

The AC includes two federal causes of action—under TILA and RESPA—that invoke this Court's original jurisdiction under 28 U.S.C. § 1331, and a list of state law claims that invoke the Court's supplemental jurisdiction under 28 U.S.C. §

1367.[4]  As an initial matter, it is not clear from the AC what role, if any, each defendant played in the assignment of Dins's loan to the Trust or any foreclosure of Dins's property.  On that basis alone, the AC could be dismissed.  Even assuming, however, that both defendants can be held liable for any wrongdoing alleged, plaintiff's federal causes of action fail to state a claim and the Court declines to exercise its supplemental jurisdiction over her state law claims.

A. TILA

In counts three and five,[5] Dins alleges that defendants violated TILA by failing to disclose every assignment or transfer of the Note and Deed, and that Dins accordingly wasted time negotiating the loan with the wrong party or parties.  (AC ¶¶ 75, 76, 80, 89.)

TILA provides that, "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." 15 U.S.C. § 1641(g)(1).  The "statute of limitations for causes of action brought under TILA . . . is one year from the date of the alleged violation." *Obal v. Deutsche Bank Nat'l Trust Co.*, No. 14 Civ. 2463, 2015 WL 631404, at *10 (S.D.N.Y. Feb. 13, 2015); *see* 15 U.S.C. § 1640(e).

---

[4] In the AC, Dins asserts original jurisdiction pursuant to various federal statutes other than TILA and RESPA, including "the Securities Act of 33, the Wire Act, the Mail Fraud Act, Bank Fraud," and the Fair Debt Collection Practices Act.  (AC ¶¶ 1, 45.)  Dins, however, includes no causes of action with respect to those statutes.  Accordingly, the Court does not address them.  *See Gonzalez v. J.P. Morgan Chase Bank, N.A.*, 16 Civ. 2611, 2017 WL 122993, at *11 (S.D.N.Y. Jan. 12, 2017).
[5] Dins brings her fifth cause of action under the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1641(g).  TILA is part of Title I of CCPA, and 15 U.S.C. § 1641(g) is part of TILA.  *See Stein v. JP Morgan Chase Bank*, 279 F. Supp. 2d 286, 290 n.2 (S.D.N.Y. 2003).  Accordingly, the Court will treat both counts as having been brought under TILA.

7

Construing the pleading liberally, the last assignment occurred on February 8, 2013 when MERS, as nominee for Countrywide, assigned the Deed to BANA.[6] Dins brought this lawsuit in 2016, far outside TILA's one-year statute of limitations.  Dins has not provided any grounds for equitable tolling.  *See Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 286 (S.D.N.Y. 2011) ("Equitable tolling is available [only] in rare and exceptional circumstances, where the court finds that extraordinary circumstances prevented the party from timely performing a required act, and that the party acted with reasonable diligence throughout the period he sought to toll." (internal quotation marks and citation omitted)).[7]  Accordingly, plaintiff's TILA claims are dismissed.

B.  RESPA

In count six of the AC, Dins brings a claim for violation of "Regulation X, 12 C.F.R. § 1024.41(b)."  In particular, she alleges that defendants "did not conduct a review to determine whether the Plaintiff's submitted loan modification application represented a complete or an incomplete loan modification application," (AC ¶ 92), and "did not act affirmatively to complete the Plaintiff's loan modification application" or "exercise reasonable diligence to obtain any documents/information to complete the application," (*id.* ¶ 95).  Dins alleges that, as a result, defendants

---

[6] Although Dins did not actually include this date in her AC, she arguably referenced it and defendants attached a copy of the Assignment to their motion to dismiss.

[7] Plaintiff claims that defendants' alleged TILA violations "[were] concealed by Defendants and [were] not reasonably ascertainable until discovery by Plaintiff upon review of the November 5, 2015, loan audit."  (AC ¶ 78.) Dins's assertion is not supported by well-pled factual allegations and therefore will not be accepted as true.  *See Port Dock & Stone Corp.*, 507 F.3d at 121.  "A plaintiff seeking to toll the applicable statute of limitations [on the grounds of fraud] must meet the particularity standard of Rule 9(b)."  *S.E.C. v. Wyly*, 788 F. Supp. 2d 92, 104 (S.D.N.Y. 2011) (quotation marks and alterations omitted).  Plaintiff has not met that standard.

are "attempting to foreclose on the Plaintiff's property without any legal authority or standing to do so." (*Id.* ¶ 101.)

On January 10, 2014, amendments to Regulation X, codified at 12 C.F.R. § 1024.41 and promulgated pursuant to the Dodd-Frank Act and RESPA, took effect. *See Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 296-97 (6th Cir. 2015). "Section 1024.41 prohibits, among other things, a loan servicer from foreclosing on a property in certain circumstances if the borrower has submitted a complete loan modification, or loss mitigation, application." *Id.* at 296. The AC fails to state a claim under Regulation X. First, only loan servicers have a duty under this regulation, (*see Green v. Cent. Mortg. Co.*, 148 F. Supp. 3d 852, 877 (N.D. Cal. 2015)), and Dins nowhere alleges that Wilmington was a loan servicer. Second, the AC's lack of any factual allegations regarding her August 2016 loan modification application is fatal.[8] In particular, the regulation requires that an initial application "be sent '45 days or more before a foreclosure sale,'" *Bustos v. Chase*, No. 16 Civ. 0822, 2016 WL 5930303, at *4 (S.D. Cal. Oct. 12, 2016) (quoting 12 C.F.R. § 1024.41(b)(2)(i)), and that a complete application be submitted more than 37 days before a foreclosure sale, *see Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 359 (5th Cir. 2016) (citing 12 C.F.R. § 1024.41(g)). The AC, however, includes no details about when the relevant foreclosure occurred or whether and when plaintiff submitted a complete application, precluding the Court from determining, even assuming the truth of the AC's allegations, that the statutory

---

[8] The Court notes that the August 2016 date is nowhere to be found in the allegations supporting the RESPA count; it is only mentioned under Dins's causes of action for violations of the California Civil Code. (*Id.* ¶ 104, 109.)

9

deadlines were met.  In all events, the AC does not include any concrete allegations, such as to whom plaintiff sent the application, whether she sent a complete application, and whether she received any sort of response or acknowledgement. Without more, Dins does not plausibly allege a claim for a violation of Regulation X.

    C.    <u>State Law Claims</u>

Plaintiff's state law claims are the only remaining claims.[9]  Having dismissed all claims over which it has jurisdiction, the Court, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's state law claim.  *See* 28 U.S.C. § 1367(c)(3); *see also Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262-63 (2d Cir. 2006).

---

[9] Count two, which requests "declaratory relief," seeks recourse under California law.

IV. CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is GRANTED. The claims against the unnamed defendants are dismissed.

Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion at ECF No. 12 and to terminate this action.

SO ORDERED.

Dated:  New York, New York
        February 13, 2017

*[signature: K. B. Forrest]*

_____
KATHERINE B. FORREST
United States District Judge

Copy to:
Tatiana Dins
2709 Jackson St
San Francisco, CA 94115

Tatiana Dins
1592 Union Street, Unit #90
San Francisco, CA 94115

Tatiana Dins
3045 Marina Bay Drive
Unit 4102
League City, TX 77573